**Admitted Pro Hac Vice**
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorney for Defendant The Lincoln National Life Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

David Duran,

Plaintiff,

vs.

The Lincoln National Life Insurance Company, Wells Fargo & Company Long-Term Disability Plan, and Wells Fargo & Company,

Defendants.

Case No. 2:25-CV-03623-DJH

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

For its Answer to Plaintiff's Complaint, Defendant, The Lincoln National Life Insurance Company ("Lincoln"), admits, denies, and alleges as follows:

**PARTIES, VENUE. AND JURISDICTION**

1. Lincoln admits that Plaintiff's claims are governed by Section 502 of Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1132(a)(1)(B)) but denies that Plaintiff is entitled to any such relief. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits Plaintiff was, at certain times, employed by Wells Fargo & Company ("Wells Fargo") and a participant in Wells Fargo & Company Long-Term Disability Plan (the "LTD Plan"). Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. The allegations contained in Paragraph 3 appear to pertain to Defendant Wells Fargo and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient knowledge regarding Wells Fargo's status as a business entity, and accordingly, Lincoln denies the allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that the LTD Plan was offered to certain employees of Wells Fargo. Lincoln further admits that the LTD Plan is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that the Wells Fargo & Company Short Term Disability Plan (the "STD Plan") was self-funded by Wells Fargo and that, at certain times, Lincoln provided certain services pertaining to claims for benefits from the STD Plan under the terms of a contract between Wells Fargo and Lincoln. Lincoln admits that it issued Group Disability Income Policy Number GF3-850-289424-01 (the "Policy") to Wells Fargo, which, at certain times, insured benefits from the LTD Plan. Lincoln admits it was, at certain times, the claim administrator for long term disability benefits paid from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that it issued the Policy to Wells Fargo, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. To the extent that the allegations contained in Paragraph 7 constitute legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln admits that it was, at certain times, the claim administrator for benefits paid from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits it was, at certain times, the claim administrator for long term disability benefits paid from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that, at certain times, it was the insurer of long-term disability benefits paid from the LTD Plan under the Policy. Lincoln admits it was, at certain times, the claim administrator for long term disability benefits paid from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. To the extent that the allegations contained in Paragraph 10 constitute legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such

decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits it is authorized to do business in Pinal County, Arizona. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that this Court has jurisdiction over this matter and that venue of this action is proper in this Court. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that this Court has jurisdiction over this matter. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

## GENERAL ALLEGATIONS

17. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 18 seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits Plaintiff was, at certain times, employed by Wells Fargo and was, at certain times, a participant in the LTD Plan under the Policy. Lincoln admits that Plaintiff's last day of work at Wells Fargo was March 24, 2021. To the extent that the allegations contained in Paragraph 20 seek to interpret the Policy, Lincoln refers to

the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. To the extent that the allegations contained in Paragraph 24 seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. To the extent that the allegations contained in Paragraph 25 seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definitions of "Own Occupation" and "Any Occupation" as applicable to a participant's claim for

benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own job at Wells Fargo and own occupation are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies all allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits it sent a letter to Plaintiff dated June 29, 2024, but refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits it sent letters to Plaintiff dated May 8, 2024, and June 29, 2024, but refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits it sent a letter to Plaintiff dated June 29, 2024, but refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that it received a letter from Plaintiff's counsel dated December 23, 2024, along with additional documents, appealing the termination of Plaintiff's benefits from the LTD Plan under the Policy, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that it received a letter from Plaintiff's counsel dated December 23, 2024, along with additional documents, appealing the termination of Plaintiff's benefits from the LTD Plan under the Policy, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that it received a letter from Plaintiff's counsel dated December 23, 2024, along with additional documents, appealing the termination of Plaintiff's benefits from the LTD Plan under the Policy, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best

evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that it received a letter from Plaintiff's counsel dated December 23, 2024, along with additional documents, appealing the termination of Plaintiff's benefits from the LTD Plan under the Policy, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that it received a letter from Plaintiff's counsel dated December 23, 2024, along with additional documents, appealing the termination of Plaintiff's benefits from the LTD Plan under the Policy, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies all allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits it sent a letter to Plaintiff's counsel dated June 18, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits it sent a letter to Plaintiff's counsel dated June 18, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits it sent a letter to Plaintiff's counsel dated June 18, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff dated May 8, 2024, but refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits communications to Plaintiff regarding the overpayment Plaintiff owed Lincoln are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits it sent a letter to Plaintiff's counsel dated June 18, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits it sent a letter to Plaintiff's counsel dated June 18, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. To the extent that the allegations contained in Paragraph 46 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan under the LTD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff's counsel dated June 18, 2025, but Lincoln refers to the letter itself as the best evidence of its

contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits only that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan under the LTD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations in Paragraph 49 of the Complaint.

50. Lincoln admits only that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan under the LTD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations in Paragraph 50 of the Complaint.

51. Lincoln denies all allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of long-term disability benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

**COUNT I**
**(Recovery of LTD Plan Benefits)**
**(Defendant Lincoln)**

53. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 52 of the Complaint as though fully set forth in response to Paragraph 53 of the Complaint.

54. Lincoln admits that the LTD Plan is an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln admits the allegations contained in Paragraph 55 of the Complaint.

56. To the extent that the allegations contained in Paragraph 56 seek to interpret the provisions of the LTD Plan or the Policy, Lincoln refers to these documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln denies all allegations contained in Paragraph 57 of the Complaint.

58. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, long-term disability benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln denies all allegations contained in Paragraph 59 of the Complaint.

60. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's "expectations" and whether such "expectations" were reasonable, and accordingly, Lincoln denies all allegations contained in Paragraph 60 of the Complaint.

61. Lincoln denies all allegations contained in Paragraph 61 of the Complaint.

62. To the extent that the allegations contained in Paragraph 62 seek to interpret the provisions of the LTD Plan or the Policy, Lincoln refers to these documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln denies all allegations contained in Paragraph 63 of the Complaint.

64. To the extent that the allegations contained in Paragraph 64 of the Complaint contain legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. To the extent that the allegations contained in Paragraph 65 of the Complaint contain legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln denies all allegations contained in Paragraph 66 of the Complaint.

67. Lincoln denies all allegations contained in Paragraph 67 of the Complaint.

68. Lincoln denies all allegations contained in Paragraph 68 of the Complaint.

69. Lincoln denies all allegations contained in Paragraph 69 of the Complaint.

70. Lincoln denies all allegations contained in Paragraph 70 of the Complaint.

71. Lincoln denies all allegations contained in Paragraph 71 of the Complaint.

72. Lincoln denies all allegations contained in Paragraph 72 of the Complaint.

73. Lincoln denies all allegations contained in Paragraph 73 of the Complaint.

74. Lincoln denies all allegations contained in Paragraph 74 of the Complaint.

75. Lincoln denies all allegations contained in Paragraph 75 of the Complaint.

76. Lincoln denies all allegations contained in Paragraph 76 of the Complaint.

77. Lincoln denies all allegations contained in Paragraph 77 of the Complaint.

78. Lincoln denies all allegations contained in Paragraph 78 of the Complaint.

79. Lincoln denies all allegations contained in Paragraph 79 of the Complaint.

80. Lincoln denies all allegations contained in Paragraph 80 of the Complaint.

81. Lincoln denies all allegations contained in Paragraph 81 of the Complaint.

82. Lincoln denies all allegations contained in Paragraph 82 of the Complaint.

83. Lincoln denies all allegations contained in Paragraph 83 of the Complaint.

84. Lincoln denies all allegations contained in Paragraph 84 of the Complaint.

85. Lincoln denies all allegations contained in Paragraph 85 of the Complaint.

86. Lincoln denies all allegations contained in Paragraph 86 of the Complaint.

87. To the extent that the allegations contained in Paragraph 87 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against it whatsoever.

88. Lincoln denies all allegations contained in Paragraph 88 of the Complaint.

89. To the extent that the allegations contained in Paragraph 89 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against it whatsoever.

90. To the extent that the allegations contained in Paragraph 90 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against it whatsoever.

91. Lincoln denies all allegations contained in Paragraph 91 of the Complaint.

92. Lincoln denies all allegations contained in Paragraph 92 of the Complaint.

93. Lincoln denies all allegations contained in Paragraph 93 of the Complaint.

94. Lincoln denies all allegations contained in Paragraph 94 of the Complaint.

95. Lincoln denies all allegations contained in Paragraph 95 of the Complaint.

96. Lincoln denies all allegations contained in Paragraph 96 of the Complaint.

Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted to herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of other income including earnings by Plaintiff or any award of other benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. To the extent that Plaintiff seeks recovery from Lincoln other than past benefits from the LTD Plan or attorneys' fees, such recovery is not permitted under ERISA.

6. Plaintiff has failed to state a claim for recovery of equitable relief under 29 USC § 1132(a)(3) upon which relief can be granted in that Plaintiff seeks recovery for the same alleged acts and omissions for which suit is brought under 29 USC § 1132(a)(1)(B).

7. Lincoln reserved the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

RESPECTFULLY SUBMITTED this 29th day of October 2025.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By: /s/ Iwana Rademaekers
Iwana Rademaekers
Attorneys for Defendant The Lincoln National Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2025, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Erin Ronstadt
erin@sandstonelawgroup.com

Kyle Shelton
kyle@sandstonelawgroup.com

Attorneys for Plaintiff

By: /s/Sandy Acker
Employee of the Law Offices of
Iwana Rademaekers, P.C.