**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| David Duran,<br><br>Plaintiff,<br><br>v.<br><br>Lincoln National Life Insurance Company, et al.,<br><br>Defendants. | No. CV-25-03623-PHX-DJH<br><br>**ORDER SETTING RULE 16 SCHEDULING CONFERENCE (ERISA CASE)** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Scheduling Conference is set for January 7, 2026 at 10:00 a.m. in Courtroom 605, Sandra Day O'Connor United States Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003. In preparation for the Scheduling Conference, and taking into account that Rule 1 of the Federal Rules of Civil Procedure requires that these Rules be construed and administered to secure the just, speedy and inexpensive determination of every action,

**IT IS HEREBY ORDERED** as follows:

CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, any nongovernmental corporate party to an action or proceeding must file a Corporate Disclosure Statement. If not previously filed, the Court directs any nongovernmental corporate party to file its Corporate Disclosure Statement **within 10 (ten) days** of receipt of this Order. Forms are available on the court's website at www.azd.uscourts.gov.

RULE 26(f) MEETING AND JOINT PROPOSED CASE MANAGEMENT REPORT

The parties are directed to meet and confer at **least twenty-one** (21) calendar days before the Scheduling Conference as Fed.R.Civ.P. 26(f) requires. At this Rule 26(f) meeting, the parties shall develop a Joint Proposed Case Management Report which contains the following information in separately numbered paragraphs:

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Proposed Case Management Report;

2. A description of the principal factual and legal disputes in the case;

3. The jurisdictional basis for the case, citing specific jurisdictional statute;

4. Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;

5. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings;

6. Proposed specific dates for each of the following:

a. Deadline for initial disclosures;

b. Deadline for joining parties and amending pleadings;

c. Deadline for submission of the Administrative Record to the Court;

d. Deadline for Plaintiff to submit to Defendant any documents Plaintiff contends should be in the Administrative Record that are not already included in the record physically delivered to Plaintiff;

e. Deadline for the parties to file a stipulation as to the applicable standard of review in this case, or, if the parties cannot so stipulate, deadlines for motions and responses to motions related to the applicable standard of review (no replies will be allowed), and, if necessary, deadlines related to any expedited discovery on the issue of the applicable standard of review;

f. Deadlines for filing Plaintiff's opening brief, Defendant's response brief, and Plaintiff's reply brief;

g. Deadline for engaging in good faith settlement talks.

7. The prospects for settlement, including any request of the Court for assistance in settlement efforts; and

8. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required Fed.R.Civ.P. 1.

It is the plaintiff's responsibility to initiate the Rule 26(f) meeting and prepare the Joint Proposed Case Management Report. The defendants shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Proposed Case Management Report.

The plaintiff shall file the Joint Proposed Case Management Report with the Clerk of Court **not less than seven (7) calendar days** before the Rule 16 Scheduling Conference.

SCHEDULING CONFERENCE AND ORDER

The Court directs counsel to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the Scheduling Conference. Counsel for each party shall appear and participate in the Scheduling Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. A continuance of the Scheduling Conference will be granted only for good cause and will not be granted beyond the time limit set forth in Federal Rule of Civil Procedure Rule 16(b).

The Court will use the Joint Proposed Case Management Report for purposes of entering a Rule 16 Scheduling Order. Therefore, the parties should be prepared to have the Joint Proposed Case Management Report serve as the sole basis for the Court's Rule 16 Scheduling Order.

OTHER MATTERS

The parties are expected to comply fully with the Federal and Local Rules of Civil Procedure and to minimize the expense of discovery. Additionally, the parties should ensure that all filings comply with Local Rules of Civil Procedure 7.1, 7.2, and 56.

The Clerk of the Court shall send copies of this order to all counsel of record and to any unrepresented parties.

**IT IS FINALLY ORDERED** that Plaintiff(s) shall serve a copy of this order

upon any Defendant(s) who have not yet appeared and shall file notice of service.

Dated this 3rd day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge