Erin Rose Ronstadt, SBN 028362
Kyle James Shelton, SBN 027379
RONSTADT LAW, PLLC
24654 N. Lake Pleasant Pkwy
Suite 103-487
Peoria, AZ 85383
(602) 615-0050
(602) 761-4443 Fax
erin@ronstadtlaw.com
kyle@ronstadtlaw.com
*Attorneys for Plaintiff*

Iwana Rademaekers, SBN Texas 16452560
LAW OFFICES OF IWANA RADEMAEKERS, PC
17304 Preston Road, Suite 800
Dallas, TX 75252
Phone:(214) 564-9542
iwana@rademaekerslaw.com
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| David Duran,<br><br>Plaintiff,<br><br>v.<br><br>The Lincoln National Life Insurance Company,<br><br>Defendant. | No. CV-25-03623-PHX-DJH<br><br>**JOINT CASE MANAGEMENT REPORT** |

In accordance with this Court's November 3, 2025, Order (Doc. 18), the parties conferred as required by Rule 26(f), *Federal Rules of Civil Procedure*, to develop a Joint Case Management Report, which is set forth below:

**1. THE PARTIES WHO ATTENDED THE RULE 26(F) MEETING AND ASSISTED IN DEVELOPING THE JOINT PROPOSED CASE MANAGEMENT REPORT**

Attorney Erin Ronstadt and Kyle Shelton on behalf of Plaintiff David Duran ("Mr. Duran" or "Plaintiff").

Attorney Iwana Rademaekers on behalf of Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant").

## 2. A DESCRIPTION OF THE PRINCIPAL FACTUAL AND LEGAL DISPUTES IN THE CASE

This is an action regarding an adverse determination of long-term disability ("LTD") benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

**Plaintiff**:

Mr. Duran worked for Wells Fargo & Company until April 2021, when multiple serious medical conditions forced him to stop working. As a result of his disability, Mr. Duran filed a claim for LTD benefits which was insured and administered by Lincoln. Lincoln initially approved Mr. Duran's LTD claim and paid him LTD benefits beyond the 24-month "own occupation" period, acknowledging his inability to perform "Any Occupation." On March 29, 2024, the Social Security Administration issued a Fully Favorable decision, finding Mr. Duran disabled as of April 2021 based on many of the same medical conditions that support his LTD claim. Despite being aware of this determination, on June 29, 2024, Lincoln abruptly terminated Mr. Duran's LTD benefits, claiming he no longer met the definition of disability set forth in the Plan.

On December 23, 2024, Mr. Duran timely appealed Lincoln's termination of his benefits and submitted extensive supporting documentation from his treating providers. During the appeal, Lincoln created new adverse evidence through paper reviews by its own consultants who never even examined Mr. Duran. On June 18, 2025, Lincoln issued its final administrative determination, upholding the termination of Mr. Duran's LTD benefits. In denying Mr. Duran's claim, Lincoln relied on its own consultants' opinions and dismissed the compelling, supportive evidence submitted by Mr. Duran on appeal.

Mr. Duran exhausted his administrative remedies and timely filed this lawsuit to recover his benefits and enforce his rights under the Plan.

**Defendant:**

Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), as pled in Count I of the Complaint, but Plaintiff has failed to state a claim against Lincoln for breach of fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3), as pled in the Complaint.

Moreover, the remedies sought for equitable relief are not available under ERISA. Lincoln's determinations on Plaintiff's claims for benefits from the relevant plans were reasoned, based on substantial evidence, and correctly interpreted the relevant plan documents. Plaintiff received a full and fair review of her claims by Lincoln, and that there is no evidence that so-called structural conflict affected the decisions, which were not arbitrary, capricious, or an abuse of discretion. Moreover, Defendant denies that it breached any fiduciary or other duty owed to Plaintiff.

**3. THE JURISDICTIONAL BASIS FOR THE CASE, CITING SPECIFIC JURISDICTIONAL STATUTE**

This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1332, 2201-02 (declaratory judgments).

**4. ANY PARTIES WHICH HAVE NOT BEEN SERVED AND AN EXPLANATION OF WHY THEY HAVE NOT BEEN SERVED, AND ANY PARTIES WHICH HAVE BEEN SERVED BUT HAVE NOT ANSWERED OR OTHERWISE APPEARED**

All parties have been served. Defendants Wells Fargo & Company Long-Term Disability Plan and Wells Fargo & Company have been dismissed without prejudice pursuant to agreement by the parties.

**5. A STATEMENT OF WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES TO THE CASE OR OTHERWISE TO AMEND PLEADINGS**

Neither party expects to add additional parties or otherwise amend the pleadings at this time but request until **Friday, February 20, 2026,** to amend the pleadings or add additional parties.

**6. PROPOSED SPECIFIC DATES FOR EACH OF THE FOLLOWING**

a. Deadline for initial disclosures: The parties agree that initial disclosures required by Federal Rule of Civil Procedure 26(a) do not apply to this case. Fed. R. Civ. P. 26(a)(1)(B)(i). Defendants will produce the Administrative Record to Plaintiff by **Friday, December 19, 2025.**

b. Deadline for joining parties and amending pleadings: **Friday, February 20, 2026.**

c. Deadline for submission of the Administrative Record to the Court: The parties shall reconcile and file a stipulated record with the Court by **Friday, July 24, 2026.** The parties will file a motion to seal before filing the Administrative Record.

d. Deadline for Plaintiff to submit to Defendant any documents Plaintiff contends should be in the Administrative Record that are not already included in the record physically delivered to Plaintiff: **Friday, June 26, 2026**.

e. Deadline for the parties to file a stipulation as to the applicable standard of review in this case, or, if the parties cannot so stipulate, deadlines for motions and responses to motions related to the applicable standard of review (no replies will be allowed), and, if necessary, deadlines related to any expedited discovery on the issue of the applicable standard of review: **Friday, March 20, 2026. However, the parties propose the meet-and-confer deadlines in (h) and (i) below in lieu of this deadline.**

f. Deadlines for filing Plaintiff's opening brief, Defendant's response brief, and Plaintiff's reply brief: Plaintiff will file her opening brief by **Friday, August 21, 2026**. Defendants will file their response brief on or before **Friday, September 25, 2026**. Plaintiff will file her reply brief on or before **Friday, October 23, 2026**.

g. Deadline for engaging in good faith settlement talks: **Friday, February 27, 2026.**

**The parties propose the following deadlines for discovery (in agreeing to these deadlines, Lincoln is not waiving its objections to discovery):**

h. Deadline for completion of fact discovery: **Friday, June 26, 2026,** or, alternatively, **that the Court set a deadline for meet-and-conferral efforts for the parties to discuss discovery as set forth in §i below.**

i. Meet-and-confer regarding fact discovery: By **Friday, March 20, 2026**, the parties shall discuss: (a) whether Plaintiff believes that any discovery beyond the Administrative Record should be conducted; and (b) the type of discovery and scope of discovery that she contends is permissible and should be conducted, with reasonable specificity (including proposed written discovery where possible). The parties will then meet and confer to: (a) identify areas of agreement about permissible discovery; (b) narrow the discovery requests, if

possible, to gain agreement about permissible discovery and narrow areas of dispute about permissible areas of discovery; and (c) complete such discovery as the parties can agree is permissible discovery. To the extent that, after meeting and conferring, the parties remain in disagreement as to the permissible scope of discovery and type of discovery, on or before **Friday, April 10, 2026**, the parties shall submit briefing setting forth their respective positions in no more than three (3) pages each for a total of six (6) pages.

**7. THE PROSPECTS FOR SETTLEMENT, INCLUDING ANY REQUEST OF THE COURT FOR ASSISTANCE IN SETTLEMENT EFFORTS**

The parties will engage in good faith face-to-face settlement discussions by no later than **Friday, February 27, 2026**. The parties respectfully decline referral of this case to a United States Magistrate Judge for purposes of alternative dispute resolution. If it becomes necessary, the parties will engage in private mediation with a mutually agreeable third-party neutral.

**8. ANY OTHER MATTERS THAT WILL AID THE COURT AND PARTIES IN RESOLVING THIS CASE IN A JUST, SPEEDY, AND INEXPENSIVE MANNER AS REQUIRED FED.R.CIV.P. 1**

None at this time.

RESPECTFULLY SUBMITTED this 18th day of December 2025.

RONSTADT LAW, PLLC

By: *s/ Erin Rose Ronstadt*
Erin Rose Ronstadt
Kyle Shelton
*Attorneys for Plaintiff*

LAW OFFICES OF IWANA RADEMAEKERS, PC

By: *Iwana Rademaekers*
Iwana Rademaekers
*Attorney for Defendant*

///

///

///

///

///

///

///

**CERTIFICATE OF SERVICE**

I certify that on December 18, 2025, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Erin Ronstadt
erin@sandstonelawgroup.com

Kyle Shelton
kyle@sandstonelawgroup.com
*Attorneys for Plaintiff*

By: */s/ Sandy Acker*
Employee of the Law Offices of
Iwana Rademaekers, P.C.